# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

RECEIVED

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

No. 06-5210

**September Term, 2006**

06cv01153



Tyrone Hurt,

Appellant

v.

D.C. Parole Board, Margaret Quick, Chairman,
Appellee

MANDATE
Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED:

BY: _____, Deputy Clerk

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    NOV 8 2006

CLERK

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Ginsburg, Chief Judge, and Rogers and Kavanaugh, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed June 26, 2006, be affirmed. The district court correctly determined that appellant failed to state a claim for liability under 42 U.S.C. § 1983. An official-capacity suit is, "in all respects other than name, to be treated as a suit against the [governmental] agency." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a claim must allege that the agency's policy or custom played a role in the violation of federal law. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). Appellant did not state that his alleged injuries were the result of the former D.C. Parole Board's policy or custom. Furthermore, to the extent appellant is suing a D.C. official in her individual capacity, the complaint does not allege that the former Chairman, "acting under color of state law, caused the deprivation of a federal right." Graham, 473 U.S. at 166. See Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) (complaint must allege personal involvement by government official in events giving rise to constitutional claim).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk